UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALICIA SUTTON,

    Plaintiff,

v.                                     Case No: 2:16-cv-725-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause comes before the Court on Plaintiff Alicia Sutton's Complaint (Doc. 1) filed on September 23, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I. Social Security Act Eligibility, Procedural History, the ALJ's Decision, and Standard of Review

#### A. Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 416.905.[1] The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

B.   **Procedural History**

On April 23, 2014, Plaintiff filed an application for supplemental security income with an alleged onset date of February 14, 2014. (Tr. at 186). The application was denied initially on June 30, 2014 and upon reconsideration on August 25, 2014. (Tr. at 97, 109). A hearing was held before Administrative Law Judge ("ALJ") Salena D. Bowman-Davis on July 29, 2015. (Tr. at 35-66). The ALJ issued an unfavorable decision on December 12, 2015. (Tr. at 19-34). The ALJ found Plaintiff not to be under a disability since April 23, 2014, the date Plaintiff's application was filed. (Tr. at 34).

On August 6, 2016, the Appeals Council denied Plaintiff's request for review. (Tr. at 1-9). Plaintiff filed a Complaint (Doc. 1) in this Court on September 23, 2016. Defendant filed an Answer (Doc. 13) on December 6, 2016. The parties filed memoranda in support. (Docs. 17-18). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 20). This case is ripe for review.

---

[1] The Court notes that the Social Security regulations were recently revised. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). Unless otherwise specified, the Court refers to the regulations in effect at the time of the Administrative Law Judge's decision.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 23, 2014, the application date. (Tr. at 24). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "myofascial pain syndrome vs. fibromyalgia; migraines; plantar fasciitis; degenerative disc disease of the cervical spine; scoliosis; hip arthrosis; arthropathy of the shoulder; lumbar spondylosis; obesity; and depressive disorder." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926)). (*Id.*).

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

Based on the evidence, the ALJ determined that Plaintiff had the RFC to perform "light work" except:

> [Plaintiff] can stand and/or walk for 4 hours during an 8-hour workday. In addition, the claimant must be given the opportunity to make postural adjustments from sitting to standing position and vice versa at her workstation. Regarding postural functions, the claimant can occasionally reach overhead bilaterally. She cannot perform any repetitive or continuous operation of foot controls. She can occasionally climb ramps and stairs, but she can never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, and crouch. She can never kneel or crawl. With respect to environmental exposures, the claimant must avoid unprotected heights and hazardous machinery. Further, the claimant cannot perform commercial operation of motor vehicles, and she must avoid concentrated exposure to wetness. She can have occasional exposure to direct sunlight. She can tolerate occasional exposure to extreme temperatures. The claimant cannot work in job with high production quotas, and she cannot perform fast-paced work. Lastly, the claimant cannot have more than superficial interaction with the public and coworkers.

(Tr. at 26).

At step four, the ALJ determined that Plaintiff cannot perform any past relevant work. (Tr. at 32). Specifically, the ALJ noted the vocational expert's ("VE") testimony that Plaintiff's past work could be classified under the *Dictionary of Occupational Titles* ("DOT") as a security guard (DOT# 372.667-034), a job at a light exertional level with a specific vocational preparation ("SVP") of 3; and as a child monitor (DOT# 301.677-010), a job at a medium exertional level with an SVP of 3. (Tr. at 33). The VE testified that a person with Plaintiff's age, education, work experience, and RFC could not perform any of Plaintiff's past work. (*Id.*). The ALJ accepted the VE's testimony in making her findings. (*Id.*).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 33). Specifically, the ALJ asked the VE whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (Tr. at

4

30). The VE testified that someone with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of representative occupations such as:

> 1. Router, DOT# 209.587-036, which is performed at the light exertional level, is unskilled with an SVP of 2, and of which there are 52,000 jobs in the national economy;
>
> 2. Marker, DOT# 209.587-034, which is performed at the light exertional level, is unskilled with an SVP of 2, and of which there are 131,000 jobs in the national economy (considering a 50 percent reduction in light of the sit/stand option); and
>
> 3. Document preparer, DOT# 249.587-018, which is performed at the sedentary exertional level, is unskilled with an SVP of 2, and of which there are 47,000 jobs in the national economy.

(Tr. at 34).

Pursuant to Social Security Ruling ("SSR") 00-4p, the ALJ determined that the VE's testimony was consistent with the information contained in the *Dictionary of Occupational Titles*. (*Id.*). Based on the VE's testimony, the ALJ found that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (*Id.*). As a result, the ALJ determined that a finding of "not disabled" was appropriate. (*Id.*).

Accordingly, the ALJ concluded that Plaintiff was not under a disability since April 23, 2014, the date Plaintiff's application was filed. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such

relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises three issues on appeal:

1. The [RFC] assessment is not supported by substantial evidence because the ALJ failed to account for Plaintiff's fibromyalgia and associated pain symptoms in evaluating her work capacity, in violation of 20 C.F.R. § 416.945(b).

2. The medical expert opinion, which the ALJ relied upon in formulating the RFC assessment, is not supported by substantial evidence because the medical expert did not consider all of Plaintiff's medically determinable impairments.

3. The ALJ's assessment of Plaintiff's credibility is not supported by substantial evidence because the ALJ misconstrued the evidence of record and did not articulate [a] valid rationale for discrediting Plaintiff in violation of 20 C.F.R. § 416.929(c) and [SSR] 16-3p.

(Doc. 17 at 2-3). The Court addresses these issues in turn below.

### A. The ALJ's RFC Assessment

Plaintiff's first argument involves the ALJ's assessment of Plaintiff's RFC. A plaintiff's RFC is used at step four to determine if she can do past relevant work and at step five to determine if she can adjust to other work. *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 526 (11th Cir. 2015). "RFC is defined as 'the most [a claimant] can still do despite [her] limitations.'" *Id.* (citing 20 C.F.R. § 416.945(a)(1)). To assess a plaintiff's RFC, the ALJ considers "all the relevant medical and other evidence in [the claimant's] case record." *Id.* (citing 20 C.F.R. § 416.920(e)).

As indicated above, Plaintiff argues that the ALJ erred in the RFC assessment by failing to account for her fibromyalgia and associated pain symptoms. (Doc. 17 at 7-9). Specifically, Plaintiff points out that, at step two, the ALJ found that Plaintiff had the severe impairment of "myofascial pain syndrome vs. fibromyalgia." (*Id.* at 8 (citing Tr. at 24)). Plaintiff contends that her "treating providers have assessed her separately with myofascial pain syndrome or fibromyalgia," but no provider "listed myofascial pain syndrome vs. fibromyalgia, which suggests Plaintiff has either one condition, or the other, but not both." (*Id.*).

Similarly, Plaintiff points out that, later in her decision, the ALJ found that "there is no objective physical exam documenting a significant number of trigger points throughout the body to support a diagnosis of fibromyalgia." (*Id.* (citing Tr. at 29)). Plaintiff argues that "[t]his statement by the ALJ clearly indicates she is finding that Plaintiff does not have fibromyalgia as a medically determinable impairment and that she is assessing no limitations related to the condition." (*Id.*). Plaintiff argues, however, that this "finding is inaccurate and inconsistent with the evidence of record." (*Id.*).

Specifically, Plaintiff states that she "underwent a neurological evaluation on June 2, 2014, wherein she was found to have multiple positive trigger points in the cervical spine, trapezius muscles, thoracic, and lumbar spine." (*Id.* (citing Tr. at 471)). Plaintiff argues that this examination directly contradicts "the ALJ's finding that no physical exam has shown a significant number of trigger points." (*Id.* (citing Tr. at 29)). Plaintiff argues that the ALJ's incorrect finding on this point "tainted the RFC assessment as well as the credibility determination." (*Id.* at 8-9). Plaintiff also points out that she received multiple trigger point injection procedures during the relevant time period in addition to multiple treating providers diagnosing her with fibromyalgia. (*Id.* at 9 (citing Tr. at 388, 424, 430, 511, 531, 600, 653)).

In sum, Plaintiff argues that "[t]he ALJ's incorrect and inaccurate consideration of the evidence of record constitutes harmful error" because "it caused her to find that a diagnosis of fibromyalgia was not supported by the record." (*Id.* (citing Tr. at 29)). As a result, Plaintiff argues that "the RFC assessment does not take the condition into account and the credibility assessment deems any complaints related to fibromyalgia discredited" and, therefore, also causes the ALJ's analysis at step five to be unsupported. (*Id.* (citing Tr. at 34)).

The Court finds Plaintiff's arguments persuasive. In this instance, it is unclear whether the ALJ actually considered Plaintiff's alleged fibromyalgia at step two or in the RFC assessment. Thus, the ALJ's findings regarding Plaintiff's alleged fibromyalgia are not supported by substantial evidence of record.

In coming to this conclusion, the Court first notes the ALJ's findings at step two. (*See* Tr. at 24). There, the ALJ found that Plaintiff had the severe impairment of "myofascial pain syndrome vs. fibromyalgia." (*Id.*). The Court finds that the ALJ's description of these conditions is imprecise and suggests that Plaintiff has one condition or the other. (*See id.*). The

8

medical evidence of record shows that Plaintiff had multiple diagnoses of myofascial pain syndrome and fibromyalgia separately. At no point did any provider list "myofascial pain syndrome vs. fibromyalgia" as a single condition. Thus, it is unclear from the ALJ's decision whether she believed Plaintiff suffered from fibromyalgia at step two or not. (*See id.*).

Yet, an ALJ does not error by failing to identify at step two all of the impairments that should be considered severe. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). Instead, all that is required at step two is that the ALJ considered the claimant's impairments in combination, whether severe or not. *Id.* If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). Thus, so long as the ALJ considered fibromyalgia in combination with Plaintiff's other conditions, any error at step two would be harmless. *See id.* Nevertheless, it appears that the ALJ also failed to consider properly Plaintiff's alleged fibromyalgia in the RFC assessment.

Specifically, in the RFC assessment, the ALJ's only express finding regarding Plaintiff's alleged fibromyalgia was that "there is no objective physical exam documenting a significant number of trigger points throughout the body to support a diagnosis of fibromyalgia." (*See* Doc. 17 at 8 (citing Tr. at 29)). Plaintiff, however, points to an objective physical examination of record dated June 2, 2014 showing that she had "[m]ultiple trigger points noted [in the] cervical spine, trapezius muscles, thoracic and lumbar spine." (Tr. at 471). While the ALJ cited to this physical examination in other parts of her decision, the ALJ did not address it when making her findings as to fibromyalgia. (*See* Tr. at 24-29). Thus, it is unclear whether the "multiple" trigger points referenced in the June 2, 2014 physical examination are "significant" or not when it comes

9

to evaluating Plaintiff's alleged fibromyalgia. (*See* Tr. at 29). As a result, the ALJ's findings are, at best, vague and incomplete regarding Plaintiff's fibromyalgia. (*See id.*). At worst, however, this physical examination can be seen to contradict the ALJ's findings. (*Compare* Tr. at 29, *with* Tr. at 471). Regardless, because the ALJ's only express finding regarding Plaintiff's alleged fibromyalgia is vague, incomplete, and potentially contradictory, the ALJ's decision as to fibromyalgia is not supported by substantial evidence of record.

In response, Defendant argues that the evidence of record does not support a finding of fibromyalgia under SSR 12-2p, the Agency's Social Security Ruling directed at the issue of fibromyalgia. (*See* Doc. 18 at 7-9). SSR 12-2p specifies what objective medical evidence is necessary to determine that fibromyalgia is a medically determinable impairment. *See* 2012 WL 3104869. Here, the Commissioner cites extensively to the record, setting forth persuasive arguments as to why the record does not support a finding of fibromyalgia. (*See* Doc. 18 at 7-9).

Nonetheless, a review of the ALJ's decision shows that the ALJ did not evaluate Plaintiff's alleged fibromyalgia using the criteria set forth in SSR 12-2p. (*See* Tr. at 24-29). The Eleventh Circuit has held that "a court may not accept . . . counsel's *post hoc* rationalizations for agency actions." *Baker v. Commissioner of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (citation omitted); *see also Williams v. Comm'r of Soc. Sec.*, No. 6:13-CV-1667-ORL-GJK, 2015 WL 1003852, at *2 n.3 (M.D. Fla. Mar. 6, 2015). Instead, "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." *Id.* As a result, the Court need not accept the Commissioner's *post-hoc* rationalization for the agency's actions. *See Baker*, 384 F. App'x at 896. Furthermore, the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013).

In sum, the ALJ's decision provides an incomplete picture of Plaintiff's alleged fibromyalgia because (1) it is unclear whether the ALJ intended to find fibromyalgia to be severe at step two and (2) it is unclear whether additional limitations are warranted in the RFC assessment given that the ALJ's only express finding regarding fibromyalgia is vague, incomplete, and potentially contradictory. As a result, the ALJ's findings as to Plaintiff's alleged fibromyalgia are not supported by substantial evidence. Moreover, the Court cannot find that this error is harmless because the distinct possibility exists that, if properly evaluated, the ALJ could have included additional limitations in the RFC assessment, which limitations could impact the analysis of whether there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. The Court, therefore, reverses the decision of the Commissioner.

Going forward, the Commissioner must reevaluate Plaintiff's alleged fibromyalgia and make specific findings regarding the same. The Court stresses, however, that it is not finding at this time that Plaintiff has fibromyalgia or that the alleged condition renders her disabled. After reevaluation, the ALJ may once again find that Plaintiff is "not disabled." Nevertheless, for the reasons explained above, the Court cannot affirm the ALJ's decision because it is not supported by substantial evidence of record.

### B. Plaintiff's Remaining Arguments

The Plaintiff's remaining arguments focus on a number of issues that cannot be resolved until it is clear to the Court that the ALJ properly considered the entire medical evidence of record, including specifically a reevaluation of Plaintiff's alleged fibromyalgia. Indeed, the other two issues raised by Plaintiff regarding the medical expert opinion and Plaintiff's credibility also raise issues concerning Plaintiff's alleged fibromyalgia. Because a re-evaluation of Plaintiff's

alleged fibromyalgia will likely impact the analysis of other elements of the ALJ's decision, the Court finds that any ruling on Plaintiff's remaining arguments would be premature at this time. Upon remand, the ALJ must reevaluate the entire medical evidence of record in evaluating Plaintiff's case.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence.

Accordingly, the Court hereby **ORDERS** that:

1) The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner reevaluate Plaintiff's alleged fibromyalgia and (2) to review the entire medical evidence of record.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

3) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE AND ORDERED** in Fort Myers, Florida on March 14, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties